UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORENZO HARRIS,

                  Plaintiff,

       v.

KING COUNTY,

                  Defendant.

CASE NO. 2:26-cv-00497-LK

ORDER DISMISSING
COMPLAINT AND DENYING
MOTION FOR TRO

This matter comes before the Court on Plaintiff Lorenzo Harris's Motion for a Temporary Restraining Order ("TRO). Dkt. No. 9. On February 25, 2026, United States Magistrate Judge Brian A. Tsuchida granted Mr. Harris's application to proceed *in forma pauperis* but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 4. Having reviewed the complaint, Dkt. No. 5, the record, and the applicable law, the Court dismisses Mr. Harris's complaint and denies his motion for a TRO for the reasons set forth below.

The Court holds complaints drafted by pro se litigants "to less stringent standards than formal pleadings drafted by lawyers," and construes their filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citation modified). However, under 28 U.S.C. §

ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR TRO - 1

1915(e)(2)(B), the Court must dismiss a complaint if the claims are frivolous or fail to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, relief must be plausible based on plaintiff's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Mr. Harris's complaint against King County alleges that he faces a "prolonged deprivation of [his] Sixth and Fourteenth Amendment rights in an ongoing criminal prosecution." Dkt. No. 5 at 2. He avers that "[t]hrough its Department of Public Defense . . . King County caused and ratified the unjustified initiation of competency proceedings, the abandonment of trial readiness, and a multi-year delay that has effectively denied Plaintiff his constitutional right to a speedy jury trial." *Id.* According to Mr. Harris, he was "charged in January 2023 with one felony and two misdemeanors related to alleged harassment" and worked with his public defender to prepare for trial. *Id.* He "underwent a comprehensive neuropsychological evaluation, which found him competent, without delusional disorder, and capable of assisting in his defense" in April 2024, and was ready for trial in November 2024. *Id.*

In October 2024, Mr. Harris's "original public defender was placed on extended leave," and a new public defender was reassigned to his case. *Id.* at 3. He alleges that his "[r]eplacement counsel ceased substantive trial preparation" and instead "redirected the case toward competency proceedings despite the absence of new evidence of incompetence." *Id.* This included raising "competency concerns following a disagreement in which [Mr. Harris] asserted his readiness for

ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR TRO - 2

trial and objected to continued delay[.]" *Id.* "[T]he court ordered a competency evaluation solely because no prior court-ordered exam had occurred," and Mr. Harris was "placed on a waitlist exceeding ten months due to systemic backlogs[.]" *Id.* In December 2025, Mr. Harris was "evaluated remotely for competency" and "was deemed incompetent" in January 2026. *Id.* He avers that this conclusion was "based on vague historical references and subjective impressions, rather than functional incapacity." *Id.* As a result, Mr. Harris's "criminal case has been pending for over three years without trial" and he "has suffered loss of liberty interests, housing instability, inability to secure employment, and ongoing reputational harm." *Id.*

Mr. Harris's claims are as follows: (1) violation of the Sixth Amendment for lack of speedy trial; (2) violation of the Fourteenth Amendment for "permitting arbitrary and non-evidentiary competency proceedings"; and (3) *Monell* liability under 42 U.S.C. § 1983 because "[t]he constitutional violations were caused by King County's official policies and customs[.]" *Id.* at 3–4. He seeks a "declaratory judgment that King County's practices violated [his] constitutional rights; injunctive relief prohibiting further delay based on unsupported competency proceedings; compensatory damages; costs and attorney's fees . . . ; [and] such other relief as the Court deems just and proper." *Id.* at 4 (citation modified).

Federal courts must generally "abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). Specifically, under *Younger* and its progeny, federal courts abstain from interference with pending state judicial proceedings when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882

ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR TRO - 3

F.3d 763, 765 (9th Cir. 2018) (citation modified).

Each of these factors is present here. First, there is an ongoing judicial proceeding against Mr. Harris. Dkt. No. 5 at 3. Second, because these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, Mr. Harris has not alleged facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003) (federal courts "must assume that state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary"). Fourth, the requested relief would have the practical effect of enjoining the ongoing state judicial proceeding. Dkt. No. 5 at 4.

Furthermore, nothing indicates that there is "bad faith, harassment, or some other extraordinary circumstance" in the state court proceeding. *Middlesex Cnty Ethics Comm v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). For example, the Ninth Circuit has "not applied the irreparable harm exception" to "pre-conviction" claims "seeking to vindicate a petitioner's speedy trial affirmative defense . . . because 'the speedy trial defense primarily protects the integrity of the trial itself' and, like most trial rights, 'can be vindicated through reversal of the improperly-obtained conviction.'" *Bean v. Matteucci*, 986 F.3d 1128, 1134 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 904 (9th Cir. 2019)). And nothing in the complaint "implicates a deprivation of physical liberty" of the sort that merits intervention. *Id.* at 1134–35; *see also* Dkt. No. 8 at 1 (Mr. Harris's most recent address listed in Portland, Oregon); Dkt. No. 1 at 2 (Mr. Harris's application to proceed *in forma pauperis* listing rent as an expense). Considering all these factors, the Court finds that *Younger* abstention applies to Mr. Harris's claims.[1]

---

[1] To the extent any state proceedings are no longer ongoing, the Court notes another limitation on its jurisdiction: the *Rooker–Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that

ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR TRO - 4

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Although the Court doubts that amendment can cure the deficiencies here, it nevertheless grants leave to file an amended complaint. However, this Order limits Mr. Harris to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.

For the foregoing reasons, the Court DISMISSES Mr. Harris's complaint, Dkt. No. 5, with limited leave to amend as described above, and DENIES as moot his motion for a TRO, Dkt. No. 9.[2] Mr. Harris's amended complaint, should he choose to file one, must clearly identify the basis for this Court's subject matter jurisdiction, and must provide a short and plain statement of the factual basis of his claim as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Harris believes support the claim, and the specific relief requested. If Mr. Harris does not file a proper amended complaint by April 2, 2026, the Court will dismiss this action and close this case.

Dated this 12th day of March, 2026.

*Lauren King*
_____
Lauren King
United States District Judge

---

is a de facto appeal from a state court judgment. *See Benshoof v. Fauci*, No. C22-1281-LK, 2022 WL 4465782, at *4 n.2 (W.D. Wash. Sept. 26, 2022).

[2] Mr. Harris's motion also fails to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1) and Local Civil Rule 65(b)(1) regarding ex parte relief.

ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR TRO - 5