UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORENZO HARRIS,

                    Plaintiff,

        v.

KING COUNTY,

                    Defendant.

CASE NO. 2:26-cv-00497-LK

ORDER DISMISSING AMENDED
COMPLAINT AND DENYING
TRO

This matter comes before the Court on Plaintiff Lorenzo Harris's Motion for a Temporary Restraining Order ("TRO"). Dkt. No. 12. On March 12, 2026, the Court dismissed Mr. Harris's complaint, Dkt. No. 5, under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 10. The Court also denied his motion for a TRO as moot. *Id.* at 5. Mr. Harris was permitted to file an amended complaint to "cure the specific deficiencies identified in [the Court's] Order." *Id.* On March 17, 2026, Mr. Harris filed an amended complaint and another emergency motion for a TRO. Dkt. Nos. 11–12. Having reviewed the amended complaint, Dkt. No. 11, the record, and the applicable law, the Court dismisses Mr. Harris's amended complaint and denies his motion for a TRO for the reasons set forth below.

ORDER DISMISSING AMENDED COMPLAINT AND DENYING TRO - 1

The Court's prior order dismissed Mr. Harris's complaint due to *Younger* abstention or, in the alternative, the *Rooker–Feldman* doctrine. *See generally* Dkt. No. 10; *id.* at 4 n.1. Mr. Harris's amended complaint, Dkt. No. 11, fails to cure these deficiencies.

As the Court previously explained, Dkt. No. 10 at 3, federal courts must generally "abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings," *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). Specifically, under *Younger* and its progeny, federal courts abstain from interference with pending state judicial proceedings when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation modified). As with Mr. Harris's original complaint, each of these factors is present in his amended complaint. First, there is an ongoing judicial proceeding against Mr. Harris. Dkt. No. 11 at 2–3. Second, because these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, Mr. Harris has not alleged facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003) (federal courts "must assume that state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary"). While Mr. Harris alleges that he has not been successful thus far in expediting trial or other proceedings, nothing in the amended complaint demonstrates that he is foreclosed from seeking relief for those issues in his state court proceeding. *See generally* Dkt. No. 11. Fourth, the requested relief would have the practical effect of enjoining the ongoing state judicial proceeding. While Mr. Harris omitted his explicit request

ORDER DISMISSING AMENDED COMPLAINT AND DENYING TRO - 2

for injunctive relief in his amended complaint, *compare* Dkt. No. 5 at 4 *with* Dkt. No. 11 at 5, he requests that the Court "[d]eclare that the [challenged] policies and practices . . . violate the Sixth and Fourteenth Amendments." Dkt. No. 11 at 5. This request faces the same problem as the explicit request for injunctive relief—"*Younger* applies to requests for declaratory relief because 'ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid.'" *Gilbertson v. Albright*, 381 F.3d 965, 971 (9th Cir. 2004) (quoting *Samuels v. Mackell*, 401 U.S. 66, 72 (1971)). "Such interference also results in duplicative legal proceedings, and can readily be interpreted 'as reflecting negatively upon the state courts' ability to enforce constitutional principles.'" *Id.* at 971–72 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)).

As with the original complaint, nothing in Mr. Harris's amended complaint suggests that there is "bad faith, harassment, or some other extraordinary circumstance" in the state court proceeding. *Middlesex Cnty Ethics Comm v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). For example, the Ninth Circuit has "not applied the irreparable harm exception" to pre-conviction claims "seeking to vindicate a petitioner's speedy trial affirmative defense . . . because 'the speedy trial defense primarily protects the integrity of the trial itself' and, like most trial rights, 'can be vindicated through reversal of the improperly-obtained conviction.'" *Bean v. Matteucci*, 986 F.3d 1128, 1134 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 904 (9th Cir. 2019)).[1] And nothing in the complaint "implicates a deprivation of physical liberty" of the sort that merits intervention. *Id.* at 1134–35; *see also* Dkt. No. 8 at 1 (Mr. Harris's most recent address listed in Portland, Oregon); Dkt. No. 1 at 2 (Mr. Harris's application to proceed *in forma pauperis* listing rent as an expense). Considering all these factors, the Court finds that *Younger* abstention applies

---

[1] Mr. Harris's Fourteenth Amendment claim is inextricably intertwined with his Sixth Amendment claim. *See* Dkt. No. 11 at 4–5 (incorporating prior paragraphs in Fourteenth Amendment claim).

ORDER DISMISSING AMENDED COMPLAINT AND DENYING TRO - 3

to Mr. Harris's claims as described in his amended complaint. *See Sisk v. Washington*, No. C23-498-LK-MLP, 2023 WL 11819590, at *3 (W.D. Wash. Apr. 12, 2023) (dismissing similar complaint based on, among other things, *Younger* abstention); *Shore v. Washington State*, No. C18-1859 RAJ-BAT, 2019 WL 1130743, at *1 (W.D. Wash. Jan. 22, 2019), *report and recommendation adopted,* No. C18-1859 RAJ, 2019 WL 1128543 (W.D. Wash. Mar. 12, 2019) (same).[2]

In his motion for a TRO, Mr. Harris "seeks to enjoin the Defendant from executing an arrest warrant, forcing medication, or initiating involuntary inpatient commitment scheduled for April 14, 2026 until his federal claims can be adjudicated." Dkt. No. 12 at 1. TROs are "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Given that the Court is dismissing this case, the status quo need not be preserved, and the TRO is therefore denied as moot.

While courts liberally provide pro se plaintiffs leave to amend, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (courts have a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements"), that is not limitless. Denying leave to amend is appropriate when the plaintiff fails to correct the deficiencies outlined by the district court in dismissing his original complaint. *Gimbel v. California*, 308 Fed. Appx. 123, 124 (9th Cir. 2009); *see also Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351,

---

[2] To the extent any state proceedings are no longer ongoing, the Court notes another limitation on its jurisdiction: the *Rooker–Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *See Benshoof v. Fauci*, No. C22-1281-LK, 2022 WL 4465782, at *4 n.2 (W.D. Wash. Sept. 26, 2022).

ORDER DISMISSING AMENDED COMPLAINT AND DENYING TRO - 4

355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation modified)). As set out above, Mr. Harris failed to cure the deficiencies set out by the Court when dismissing his original complaint. Therefore, the Court does not grant him leave to amend.

For the foregoing reasons, the Court DISMISSES Mr. Harris's amended complaint, Dkt. No. 11, and DENIES as moot his motion for TRO, Dkt. No. 12.[3] The Clerk is directed to close this case.

Dated this 19th day of March, 2026.

Lauren King
United States District Judge

---

[3] Mr. Harris's motion also fails to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1) and Local Civil Rule 65(b)(1) regarding ex parte relief. The Court flagged this same problem when denying his first TRO. Dkt. No. 10 at 5 n.2. His procedurally improper, unsigned "Notice of Supplemental Facts," Dkt. No. 13, does not cure this deficiency.

ORDER DISMISSING AMENDED COMPLAINT AND DENYING TRO - 5